IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMENIC TRICOME, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 09-2492 |
| | : | |
| v. | : | |
| | : | |
| EBAY, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**Jones II, J.**                                                                                           **October 19, 2009**

**MEMORANDUM**

Presently before the Court is Defendant eBay, Inc.'s Motion to Dismiss or Transfer Plaintiff's Amended Complaint (Docket No. 16), Plaintiff's Response thereto, and Defendant's Reply.[1]  The Motion will be granted in part.

**I.  Background and Facts**

EBay, Inc. ("Defendant") operates an online marketplace on which "users" – *i.e.*, individuals who register to use eBay's services – may list items they wish to sell and through which buyers may purchase items from third-party sellers.  In order to buy or sell on eBay, individuals must first register.  As part of the registration process, a potential user must complete a registration form and electronically submit the form to eBay.  In order to activate the registration process, the potential user must read and agree to eBay's User Agreement, which

---

[1] Plaintiff (unbeknownst to his counsel) sent four rambling, ex parte letters to the Court, the last two of which stated that Plaintiff had "fired" his lawyers and accused them of "libel." Plaintiff's counsel moved to withdraw, citing irreconcilable differences.  The Court granted the Motion to Withdraw.  No other attorney has appeared in this matter on behalf of Plaintiff.

1

contains the terms and conditions pertaining to the relationship between the user and eBay. The potential user must accept the User Agreement by affirmatively checking a box that states "I accept the User Agreement and Privacy Policy," and then clicking on a button to continue with the registration process. Users who do not check the box stating "I accept the User Agreement and Privacy Policy" are not permitted to complete the registration process. The eBay User Agreement contains a provision (the "Forum Selection Clause") that specifically requires that disputes between eBay and its users be resolved through a court action filed in Santa Clara County, California. See User Agr., Resolution of Disputes.

In 2006, Domenic Tricome ("Plaintiff") was the owner/operator of www.supplementmarket.com, an online store which allowed customers to purchase various types of vitamins and supplements. Am. Compl. at 2. In conjunction with Plaintiff's own website, Plaintiff also listed items from his store for auction on eBay's website, www.ebay.com. Id. When Plaintiff registered with eBay, he explicitly followed the registration procedures by clicking the box stating "I accept the User Agreement and Privacy Policy." Had Plaintiff not clicked that box, he would not have been allowed to register.

Plaintiff was ranked as an "expert seller" by eBay's electronic ranking system. Id. In 2006, Plaintiff informed eBay that he had wrongfully received "negative feedback" from one of eBay's customers "in an attempt to extort the Plaintiff." Id. In response, eBay informed Plaintiff that it could take no action on Plaintiff's behalf and that Plaintiff's only recourse would be to file a civil action against the customer at issue. Id. at 3. Plaintiff thereafter filed such a civil action. Id. Upon learning of that civil action, eBay terminated Plaintiff's eBay account. Id. Plaintiff alleges that the termination forced him to sell his business at a fraction of what it was worth. Id.

Plaintiff filed an Amended Complaint on July 16, 2009, against eBay and its directors.[2] In his brief Complaint, Plaintiff "seeks recovery in fraud, negligence, gross negligence, breach of contract and negligent infliction of emotional distress," and "seeks to recover losses, costs, and attorneys' fees" pursuant to "the Sherman Antitrust Act." Id. at 1.  Plaintiff is a Pennsylvania resident.  Ebay is a California corporation with its principal place of business in California.

**II.    Discussion**

    **A.  Forum Selection Clause**

A forum selection clause is *prima facie* valid "and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Applied Card Systems, Inc. v. Winthrop Resources Corp., No. Civ. A. 03-4104, 2003 WL 22351950, *2 (E.D. Pa. Sept. 23, 2003) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  See also Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988) (holding that, although not fully dispositive, a forum selection clause is to be given "substantial consideration" and overcomes a court's usual deference to the plaintiff's choice of forum); Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) ("[A] forum selection clause is...a manifestation of the parties' preferences as to a convenient forum.").  Where the forum selection clause is valid, the plaintiff "bear[s] the burden of demonstrating why [he] should not be bound by the[ ] [parties] contractual choice of forum." Id.

Plaintiff argues that the Forum Selection Clause contained in the User Agreement should not be enforced because the User Agreement is a standard form contract which is procedurally

---

[2] There is no evidence that any party other than eBay has ever been served.  Plaintiff appears to have abandoned the claims against the individual defendants.

and/or substantively unconscionable.

Procedural unconscionability is generally found where the agreement is a contract of adhesion. Alexander v. Anthony Int'l., L.P., 341 F.3d 256, 265 (3d Cir. 2003). Plaintiff contends that this Court should find the User Agreement to be a contract of adhesion because "[p]laintiff never had the opportunity to discuss, much less negotiate the [Forum Selection Clause]." See Pl's Resp. at 9. A contract is not necessarily one of adhesion simply because it is a form contract, Feldman v. Google, 513 F. Supp. 2d 229, 241 (E.D. Pa. 2007), and failure to read the terms of an agreement is not a defense, Wilson of Wallingford v. Reliable Date Sys., Inc., 1995 WL 734232, at *2 (E.D. Pa. Dec. 5, 1995). Furthermore, failure to negotiate does not render an otherwise valid forum selection clause invalid. See Great W. Mortgage Corp. v. Peacock, 110 F3d 222, 229 (3d Cir. 1997) (illustrating that more than a disparity in bargaining power is needed in order to show that an agreement was not entered into willingly); Pritzker v. Merril Lynch, Pierce, Fenner & Smith, Inc., 7 F.3d 1110, 1118 (3d Cir. 1993) (same); Wilson of Wallingford, 1995 WL 734232, at *2 (indicating that a party is presumed to have received appropriate consideration for a forum selection clause).[3] The United States Supreme Court has explicitly held that a forum selection clause in a standardized, non-negotiable contract may be quite permissible. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991) (finding the non-negotiable forum selection clause to be acceptable because the cruise line had a special interest in limiting fora as it could be subject to suit in many locales). Instead, the

---

[3] Indeed, even an admittedly adhesionary contract term is enforceable unless it is "so one sided as to be oppressive." Grant v. Philadelphia Eagles LLC, Civ. A. No. 09-1222, 2009 WL 1845231, *7 (E.D.Pa., June 24, 2009) (citing Seus v. Nuveen & Co., 146 F.3d 175, 184 (3d Cir. 1998)).

touchstone for unacceptability is whether the party challenging the agreement had any meaningful choice regarding acceptance of its provisions.  Grant, 2009 WL 1845231 at *6.

The Court concludes that the User Agreement is not a contract of adhesion because of its Forum Selection Clause.  Agreeing to the User Agreement, and thus all of its terms, was not necessary for Plaintiff; instead, Plaintiff did so merely to increase his business opportunities (and thus, his profits).  Plaintiff had the opportunity to carefully read the User Agreement and reject the terms contained therein.  However, he accepted the User Agreement.  Moreover, eBay did not engage in high pressure tactics or put external pressure on Plaintiff to accept the User Agreement – it simply made the opportunity available to the general public.  Here, Plaintiff – an experienced businessman – sought out eBay's services, chose to become a registered user of eBay, and by doing so acknowledged that he had read and agreed to the terms of the User Agreement, including the Forum Selection Clause.  Moreover, the same rationale applies here as in Carnival Cruise Lines –  eBay has similar concerns as Carnival because its users are located across the U.S. and the world –  so the Forum Selection Clause has a legitimate basis.

Plaintiff also maintains that the Forum Selection Clause is substantively unconscionable because it was "one-sided and non-negotiable" and that Plaintiff had "no meaningful choice but to accept."  For substantive unconscionability, courts look for overly harsh or one-sided results that are so "unreasonably favorable to the drafter," Grant, 2009 WL 1845231, at *7, that they "shock the conscience," Feldman, 513 F. Supp. 2d at 242.  See also Pentecostal Temple Church v. Streaming Faith, LLC, 2008 WL 4279842, at *5 (W.D. Pa. Sept. 16, 2008) (same).

The Court concludes that the Forum Selection Clause is not substantively unconscionable because it is not so unduly one-sided so as to shock the conscience.  EBay operates around the

world and it not shocking for it to want to focus its legal defense in a particular forum rather than have to litigate in potentially hundreds or thousands of other jurisdictions. The Court agrees with eBay that the Forum Selection Clause also conserves litigant and judicial resources by dispelling confusion over where suits are to be brought; this is not a "shocking" motive or result. Moreover, once again, it is clear that Plaintiff certainly had a meaningful choice not to accept – he sought to use eBay merely to augment an existing business. There is simply nothing unique about the Forum Selection Clause that shocks the conscience.

### B. Transfer of Venue

Third Circuit precedent leaves no doubt that "dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." Applied Card Systems, Inc., 2003 WL 22351950, at *1 (citing Salovaara v. Jackson Nat'l Life Ins. Co., 55 F.3d 289 (3d Cir. 2001)). The Third Circuit has noted, however, that, as a general matter, it makes better sense when the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss. Salovaara, 246 F.3d at 299.

28 U.S.C. § 1404(a) is the appropriate statutory provision for transfer of an action when jurisdiction is proper in both the original and the requested forum. Jumara, 55 F.3d at 878. Section 1404(a) provides "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Beyond sole reliance on this statutory authority, the Third Circuit has enumerated additional private and public interests that the court may consider in deciding whether to grant a motion to transfer. The private interests include: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose

elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of the books and records. Applied Card Systems, Inc., 2003 WL 22351950, at *2 (citing Jumara, 55 F.3d at 879-80).  The public interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; and the familiarity of the trial judge with the applicable state law in diversity cases.  Id. Importantly, however, while the court must balance these factors, the "presence of a forum selection clause...will be a significant factor that figures centrally in the district court's calculus," id. (citing Stewart Org., Inc., 487 U.S. at 30), and should be given "substantial consideration," Jumara, 55 F.3d at 880.  Accordingly, the Court begins its balancing with the fact that the valid Forum Selection Clause is a central and significant factor that weighs in favor of transfer.

      Weighing the 1404(a) factors in light of the Forum Selection Clause, the Court finds that transfer to the U.S. District Court for the Northern District of California, San Jose Division,[4] is appropriate in this case.  The plain language of the Forum Selection Clause encompasses this action within its scope and suggests that venue in California is mandatory.  As discussed, supra, Plaintiff does not contend that the Forum Selection Clause was procured through fraud or overreaching.  In fact, the User Agreement was a freely negotiated contracted entered into by a sophisticated business and a sophisticated businessman and thus expresses a mutual preference

---

[4] Plaintiff's Amended Complaint contains a federal antitrust claim, and this district encompasses Santa Clara County.

for California venue.

Although it may be challenging, the Court is not convinced that litigating this dispute in California would be prohibitively difficult for Plaintiff. Inconvenience or additional expense is not the test of unreasonableness "since it may be assumed that the plaintiff received under the contract consideration for these things..." Cent. Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3d Cir. 1966) (citation omitted). The Court finds that Plaintiff's limitations are not so gravely difficult as to preclude him from participating in the litigation of the instant dispute. Plaintiff's local attorney may represent him *pro hac vice* in California at the same rates, thus relieving Plaintiff from the requirement of hiring a California lawyer.[5] Moreover, eBay has represented on the record that it will make physical accommodations for Plaintiff, such as telephonic or video appearances and the scheduling of depositions near Plaintiff's home in Pennsylvania. Additionally, Plaintiff's presence is not even required (electronically or otherwise) at every court conference and/or argument (or even the majority thereof).[6]

Furthermore, the Court finds that the Northern District of California would provide a more convenient forum for this action. Most of the eBay's employees and records are located in California. Moreover, the local courts have a strong interest in resolving this matter, given that eBay, a California corporation with its principal place of business in California, utilizes the same User Agreement in its business dealing with every individual who is registered (*i.e.*, permitted) to

---

[5] Even if this were not true, hiring counsel in other jurisdictions is a common and often necessary practice in federal litigation, and is a part of the unavoidable costs that must be borne by litigating parties.

[6] Accordingly, the Court cannot agree with Plaintiff that he would have to permanently "relocate to California" or "move cross-country" to pursue this matter. See Pl's Resp. Br. at 13-15.

use eBay's services.  Finally, a California district judge would be more familiar with the law governing plaintiff's supplemental state law claims.

### III.     Conclusion

The Court finds that the User Agreement, including the Forum Selection Clause, is valid, because it is not procedurally or substantively unconscionable.  The Court concludes that transfer of venue is more desirable than dismissal.  The Court concludes that transfer to California would not be so gravely difficult or inconvenient as to deny Plaintiff his day in court.  Weighing the appropriate factors and the parties' Forum Selection Clause, the Court finds that this action should be transferred to the Northern District of California, San Jose Division.  Accordingly, Defendant's Motion will be denied as to dismissal and granted as to transfer of venue.  An appropriate Order follows.